# EXHIBIT B

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop: S2-26-12
Baltimore, Maryland   21244-1850



**Financial Management Group**
*Division of Financial Operations East*

February 22, 2023

Thomas J. Wallace
Deputy Secretary for Medicaid
Agency of Health Care Administration
2727 Mahan Drive
Tallahassee, FL 32308

**Re: Notification of Financial Management Review** - Use of Local Provider Participation Funds as a Source of the non-Federal Share, Control Number EC-FM-2023-FL-01-D

Dear Mr. Wallace:

The purpose of this letter is to notify you that the Centers for Medicare & Medicaid Services (CMS) will perform a Financial Management Review (FMR) which will take place over the next several months.  The review will focus on Florida's use of revenues derived from its Local Provider Participation Program (LPPF) tax program as a source of the non-federal share of Medicaid payments.  In conjunction with the September 29, 2022 approval of the Medicaid Managed Care State Directed Payments (SDP) for Federal Fiscal Year (FY) 2022, (FL_Fee.IPH.OPH4_Renewal_20211001-20220930), CMS issued a companion letter to the state identifying concerns that the LPPF tax program may not comply with certain health care-related tax requirements in section 1903(w)(4) of the Social Security Act and implementing regulations in 42 CFR 433.68(f)(3).  The companion letter also informed Florida of CMS's intent to conduct the FMR described in this letter during FY 2023.

As we understand the LPPF arrangement, twenty-one cities or counties impose health care-related taxes on gross or net inpatient and/or outpatient hospital service revenue at a rate of less than six percent. These revenues provide the state with the source of funding for the non-federal share of payments for hospital services that support increased payments to hospitals. Recently, CMS has become aware that other states have similar hospital tax arrangements in connection with which there appear to be pre-arranged agreements to redirect Medicaid payments away from Medicaid providers serving a high percentage of Medicaid beneficiaries to hospitals that do not participate in Medicaid or that serve a low percentage of Medicaid beneficiaries. Florida's LPPF tax structure and media reports indicate that the Florida LPPF arrangement may be similar to other states' arrangements that appear to violate federal requirements. To date, Florida's

Thomas J. Wallace
Page - 2

Agency for Health Care Administration (AHCA) has not provided CMS with an assurance that there is not an arrangement to redistribute Medicaid state directed payments.

The objective of this FMR is to examine whether the state's source of non-federal share, including the LPPF tax program, complies with Federal statute and regulations. At this time, we expect this review will be performed remotely, however, if there is a need for any on-site work related to this review, we will advise you and coordinate any on-site activity.

We will review the LPPF tax program associated with fiscal quarters beginning October 1, 2021 and ending September 30, 2022. Attached to this letter is a preliminary information request list. This list is not all-inclusive, and we may request additional information necessary as the review progresses. Of note, we also anticipate requesting additional information directly from individual health care providers throughout the course of the review. Please provide the requested materials and responses by March 22, 2023. We request all information be provided to us in electronic format via email or through the use of a secure network, BOX. CMS will grant state staff providing requested documentation access to BOX. CMS has obtained contractor support to assist us with this review. The contractor is the National Opinion Research Center (NORC). The NORC team will be involved with all aspects of this review.

We plan to conduct an entrance meeting and start our review work during the week of March 6, 2023. Please respond to this letter with your availability during this period and provide a liaison to coordinate with us on this review. We will contact your staff to coordinate meetings, obtain information, and to hold any discussions relating to this review as it progresses. At the completion of the review, we will schedule an exit conference and provide the state the chance to respond to any potential findings or observations prior to development of a draft report. We will consider the state's input in preparation of the draft report. We anticipate the issuance of the draft report to the state by the end of calendar year 2023. The state will then have 30 days to formally respond to the draft report. Afterwards a final report will be issued that will incorporate the state's response to any findings, observations, and recommendations including CMS comments to the state's response.

If you have any questions or concerns about our review, please contact Ricardo Holligan, Branch Chief, at 212-616-2424, email Ricardo.Holligan@cms.hhs.gov, or Sidney Staton, Financial Analyst, 850-878-3486, email Sidney.Staton@cms.hhs.gov. Please refer to control number EC-FM-2023-FL-01-D in all correspondence. Additionally, please include our contractor, NORC, at MedicaidFMR@norc.org in all email correspondence relating to this review. We appreciate your assistance in this review.

Sincerely,

Robert Lane
Director
Division of Financial Operations East

Attachment

**INITIAL DOCUMENT AND INFORMATION REQUEST**
(10/1/20 – 09/30/21)
Please refer to Control No. EC-FM-2023-FL-01-D in all correspondence.
Please submit the requested materials by March 22, 2023.

Section 1902(a)(6) of the Social Security Act (the Act), 45 C.F.R. § 75.364, 42 C.F.R. § 433.74, and 42 C.F.R. part 438 include requirements related to CMS' authority to request records and documentation related to the Medicaid program.  In particular, 42 C.F.R. § 433.74(a) requires that states, "must also provide any additional information requested by the Secretary related to any . . . taxes imposed on . . . health care providers," and the "States' reports must present a complete, accurate, and full disclosure of all of their donation and tax programs and expenditures." 42 C.F.R. § 433.74(d) specifies that a failure to comply with reporting requirements may result in a deferral or disallowance of federal financial participation.

**Please provide the following documentation:**

1. State, units of local government, cities, and counties' laws, regulations, guidelines and instructions to local governments and providers on the subject of health care-related taxes.  Specifically:
    a. All state, units of local government, cities, and counties' laws that <u>authorize</u> the Local Provider Participation Funds (LPPFs) health care-related taxes.

    b. States policies and procedures related to intergovernmental transfers including intergovernmental transfers funded by LPPFs.

    c. Written procedures from the state or units of local government, cities and counties for assessing, collecting, and expending LPPF tax revenues.

2. A list of Medicaid payments where the source of the non-federal share is financed by LPPFs revenue.
    a. Also, include with the list the location of the state's approved Medicaid payment methodology.

3. A list of units of local government including but not limited to cities, counties, and hospital districts that use LPPFs as the source of non-federal share for the Medicaid payments identified in request number 2.

4. A list all providers and their locations including amounts of all revenues collected using LPPFs for Federal Fiscal Year 2022.  The list of providers and their locations should also include their respective cities and counties that the local government entities imposed LPPF taxes. Also include the following:
    a. The amounts each provider received in Medicaid payments funded by LPPFs in the State Directed Payment Preprints.
    b. Indicate the total number of LPPFs currently in operation in the State of Florida.
    c. Indicate what providers are in which LPPF.

    d. The tax amounts that each provider paid into the LPPF.
    e. The total amount of tax collected by each LPPF.
    f. The total amount of tax collected by all LPPFs. If possible, please provide all this information in Excel format.
    g. The basis, i.e. hospital net patient revenues, discharges, upon which the governmental entity levies taxes in the LPPF.
    h. The tax rate or rates that each provider is charged in the LPPF.
    i. The permissible class or classes upon which the LPPF taxes are imposed as defined at Section 1903 (w)(7) of the Act and 42 C.F.R. 433.56.
    j. An indication, for each LPPF, if the tax imposed is broad-based as described at Section 1903 (3)(w)(B) of the Act, uniform as described at Section 1903 (w)(C) of the Act, or has a waiver of the broad-based and uniformity provisions as described at Section 1903 (w)(3)(E)(i) of the Act and implementing regulations at 42 C.F.R. 433.72.
    k. For each permissible class taxes, the 6% test as described by 42 C.F.R. 433.68 (f)(3)(i)(A). The State should calculate the test for each permissible class separately. The State should calculate the test as follows: add together all of the health care-related taxes operating within the state, including those imposed by units of local government, and then dividing that by the net patient revenue of the entire permissible class.
    l. A list of programs funded by the LPPF as well as their authorities including, but not limited to state directed payments, state plan supplemental payments, and payments made under a Section 1115 demonstration.
    m. For each provider included in an LPPF tax, a comparison of the amount that the provider is taxed with the amount of payments, including Medicaid payments, funded by the LPPF.
    n. For each locality as applicable, a description of any purpose for which LPPF revenue is used other than for the non-federal share of Medicaid payments.

5. The universe of paid expenditures using intergovernmental transfers funded by LPPFs for each Medicaid payment in request number 2. This universe should include date of payment, date of service, provider name and location, provider Medicaid number, and payment amount.

**Please respond to the following questions:**

6. Does all or any portion Medicaid payments to the providers vary based solely on the amount of the total tax payment?

7. Recently, CMS has become aware that other states have similar hospital tax arrangements in connection with which there appear to be pre-arranged agreements to redirect Medicaid payments away from Medicaid providers serving a high percentage of Medicaid beneficiaries to hospitals that do not participate in Medicaid or that serve a low percentage of Medicaid beneficiaries. Florida's LPPF tax structure and media reports indicate that the Florida LPPF arrangement may be similar to other states' arrangements that appear to violate federal requirements. To date, Florida's Agency

>    for Health Care Administration (AHCA) has been unable to provide assurance that
>    there is not an arrangement to redistribute Medicaid state
>    directed payments.
>
>    Such arrangements could constitute a prohibited hold harmless arrangement as
>    described at section 1903(w)(4) of the Social Security Act and federal regulation at
>    42 C.F.R. § 433.68 (f).  Is the state aware of any agreements or arrangements
>    involving the redistribution of Medicaid payments among providers, including those
>    with the purpose to ensure health care providers are not financially harmed by the
>    health care-related tax associated with the LPPF tax program?

8. If yes, please provide us with any information that you may have, including copies of any written agreements or other documents describing how the redistribution works.

9. Has the state communicated with its providers regarding such redistribution arrangements?  If so, please describe the communications.

10. Has the state communicated with its providers regarding the federal requirements prohibiting hold harmless arrangements?  If so, please describe the communications.

11. Has the state communicated with any third parties regarding the redistribution arrangements?  If so, please describe the communications.

12. If the state is not aware of any redistribution arrangements, have providers informed the state that such redistribution arrangements are not in place?

13. The state certifies to CMS on its quarterly Form CMS-64 that its sources of non-federal share meet applicable federal statutory and regulatory requirements.  Please describe what oversight the state conducts to ensure the use of LPPF revenue as a source of non-federal share meets federal requirements?

14. Based on the responses to these questions regarding possible redistribution arrangements, CMS may ask additional questions and/or make additional requests for information from the state. Additionally, CMS intends to communicate directly with individual health care providers to obtain additional information regarding the LPPF tax program and possible redistribution arrangements.  CMS intends to keep AHCA apprised of any direct communication with providers.