# EXHIBIT C

## *ARTICLE V. LOCAL PROVIDER PARTICIPATION FUND*

### Sec. 16-123. Title.

This Article V shall be known and may be cited as the "Broward County Local Provider Participation Fund Ordinance."

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-124. Authority.

Pursuant to the Florida Constitution, Chapter 125 of the Florida Statutes, and the Home Rule Charter of Broward County, Florida, the Board is authorized to impose a special assessment against private for-profit and not-for-profit hospitals located within the County to fund the non-federal share of Medicaid payments associated with Local Services as provided in the Medicaid Hospital Directed Payment Program.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-125. Purpose.

The non-ad valorem special assessment authorized by this article shall be imposed, levied, collected, and enforced against Assessed Properties located within the County. Proceeds from the Assessment shall be used to benefit Assessed Properties through enhanced Medicaid payments for Local Services. When imposed, the Assessment shall constitute a lien upon the Assessed Properties equal in rank and dignity with the liens of all state, county, district, or municipal taxes and other non-ad valorem assessments. Failure to pay may cause foreclosure proceedings, which could result in loss of title. The Assessment shall be computed and assessed only in the manner provided in this Ordinance.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-126. Definitions.

For the purpose of this article, the following definitions shall apply:

*Assessed Property:* The real property in the County to which an Institutional Health Care Provider holds a right of possession and right of use through an ownership or leasehold interest, thus making the property subject to the Assessment.

*Assessment:* A non-ad valorem special assessment imposed by Broward County on Assessed Property to fund the non-federal share of Medicaid and Medicaid managed care payments that will benefit hospitals providing Local Services.

*Assessment Resolution:* The resolution described in Section 16-129(c) hereof.

*Board:* The Board of County Commissioners of Broward County, Florida.

*County:* The unincorporated and incorporated areas of Broward County, Florida.

Broward County, Florida, Code of Ordinances
(Supp. No. 63, Update 1)

Created: 2023-03-01 10:28:33 [EST]

Page 1 of 6

*Fiscal Year:* The period commencing on October 1 of each year and continuing through the next succeeding September 30, or such other period as may be prescribed by law as the fiscal year for the County.

*Institutional Health Care Provider:* A private for-profit or not-for-profit hospital that provides inpatient hospital services.

*Local Services:* The provision of health care services to Medicaid, indigent, and uninsured members of the Broward County community.

*Medicaid Hospital Directed Payment Program:* The program authorized by the Centers for Medicare & Medicaid Services (CMS) allowing the State of Florida to direct specific payments made by managed care plans to all hospital providers for Medicaid services.

*Non-Ad Valorem Assessment Roll:* The special assessment roll prepared by Broward County.

*Ordinance:* The Broward County Local Provider Participation Fund Ordinance.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-127. Scope of Assessment.

Institutional Health Care Providers within the County incur hundreds of millions of dollars in unreimbursed Medicaid costs each year. Contingent upon the non-federal share being provided through intergovernmental transfers, the State of Florida received federal authority to establish the Medicaid Hospital Directed Payment Program to help offset this shortfall. Pursuant to Section 125.01, Florida Statutes, the Board hereby creates a non-ad valorem special assessment that shall be imposed, levied, collected, and enforced against Assessed Property to fund the non-federal share of Medicaid payments benefitting Assessed Properties providing Local Services in the County. Funds generated as a result of the Assessment shall be held in a separate account called the Local Provider Participation Fund and shall be used only to (1) provide to the Florida Agency for Health Care Administration the non-federal share of Medicaid payments to be made directly or indirectly in support of hospitals serving Medicaid and low-income patients; and (2) reimburse Broward County for administrative costs associated with the implementation of the Assessment authorized by this Ordinance, as further specified in the Assessment Resolution.

The Assessment must be broad based, and the amount of the Assessment must be uniformly imposed on each Assessed Property. The Assessment may not hold harmless any Institutional Health Care Provider, as required under 42 U.S.C. § 1396b(w). As set forth in Section 16-125, the Assessment shall constitute a lien upon the Assessed Properties equal in rank and dignity with the liens of all state, county, district, or municipal taxes and other non-ad valorem assessments. In addition to other remedies available at law or in equity, the enforcement of the aforesaid Assessment shall be at the same time and in like manner as ad valorem taxes and subject to all ad valorem tax enforcement procedures set forth in the official annual real property tax notice.

Creation and implementation of the Assessment will not result in any additional pecuniary obligation on Broward County, the Board, or County residents. The Assessment shall be imposed, levied, collected, and enforced against only Assessed Properties, and the Assessment Resolution shall provide that Broward County's administrative costs shall be reimbursed from the Assessments collected.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-128. Computation of Assessment.

The annual Assessment shall be specified for each Assessed Property. The Board shall set the Assessment in amounts that in the aggregate will generate sufficient revenue to fund the non-federal share of Medicaid payments associated with Local Services to be funded by the Assessment.

The amount of the Assessment required of each Assessed Property may not exceed an amount that, when added to the amount of other hospital assessments levied by the state or local government, exceeds the maximum percent of the aggregate net patient revenue of all Assessed Properties in the County permitted by 42 C.F.R. § 433.68(f)(3)(i)(A). Assessments for each Assessed Property will be derived from data contained in hospital cost reports and/or the Florida Hospital Uniform Reporting System, as available from the Florida Agency for Health Care Administration.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-129. Annual Proceedings for Imposing Assessment.

The Board, subject to the provisions of this section and without an election, may impose an Assessment for the purposes provided for in this article. The proceedings for imposing the Assessment shall be as follows:

(a) *Petition.* In each Fiscal Year, the Board may impose an Assessment only after receipt of the following:

(1) A petition requesting the imposition of the Assessment signed by at least seventy-five percent (75%) of the Institutional Health Care Providers, which petition shall set forth the boundaries or other description sufficient to identify each Assessed Property, the proposed Assessment rate, and the dollar amount to be imposed on each Assessed Property;

(2) An executed release, in a form acceptable to the Office of the County Attorney, wherein each petitioning Institutional Health Care Provider states, among other things, it forever releases Broward County and its officers, employees, and agents from any and all claims, suits, and liabilities relating to the imposition of the Assessment;

(3) A duly certified copy of the proceedings of the board of directors or stockholders of each of the Institutional Health Care Providers or an affidavit executed by an individual duly authorized to bind the Institutional Health Care Provider and such other documents, if any, as may be required by the Office of the County Attorney to show that those signing the petition are duly authorized to sign the petition and to subject the Assessed Property to the levy and imposition of the Assessment as provided in this article;

(4) A designation in each petition of a single point of contact for the Institutional Health Care Providers, which person or entity shall collect and provide to Broward County all documentation required by this article for the imposition of the Assessment; and

(5) In the first year that the Assessment is to be imposed, a legal opinion, that is acceptable to the Office of the County Attorney, from a duly licensed Florida attorney stating that the imposition of the Assessment is lawful.

(b) *Non-Ad Valorem Assessment Roll.* Upon receipt of the petition described in Section 16-129(a) and the review and approval as to legal sufficiency of the petition by the Office of County Attorney, which shall examine the petition for compliance with the requirements set forth in Section 16-129(a), the County Administrator or designee shall cause to be prepared and presented to the Board a Non-Ad Valorem Assessment Roll, which shall contain:

(1) The names and addresses of the Assessed Properties; and

(2) The proposed Assessment rate and amount of the Assessment to be imposed against each Assessed Property.

The Non-Ad Valorem Assessment Roll shall be retained in the County Records Division and shall be open to public inspection. The foregoing shall not be construed to require that the Non-Ad Valorem

Assessment Roll be in printed form if the amount of the Assessment for each Assessed Property can be determined by use of a computer terminal available to the public.

(c) *Assessment Resolution.* In addition to the Non-Ad Valorem Assessment Roll described in Section 16-129(b), the County Administrator or designee shall cause to be prepared and presented to the Board an Assessment Resolution that shall describe (a) the Medicaid payments proposed for funding from proceeds of the Assessment; (b) the benefits to the Assessment Properties associated with the Assessment; (c) the methodology for computing the assessed amounts; and (d) the method of collection, including how and when the Assessment is to be paid.

(d) *Public Notice.* Upon the presentation to the Board of the Non-Ad Valorem Assessment Roll and Assessment Resolution, the County Administrator or designee shall publish once in a newspaper of general circulation within the County a notice stating that the Board, at a regular or special meeting on a certain day and hour, not earlier than twenty (20) calendar days after such publication, will consider adoption of the Assessment Resolution and hear objections of all interested persons to approve the proposed Assessment. Such notice shall include:

(1) The Assessment rate;

(2) The procedure for objecting to the Assessment rate;

(3) The method by which the Assessment will be collected; and

(4) A statement that the Non-Ad Valorem Special Assessment Roll is available for inspection.

(e) *Notice by Mail.* In addition to the published notice required by Section 16-129(d), the County Administrator or designee shall provide notice of the proposed Assessment by first-class mail to the Assessed Properties. Such notice shall include:

(1) The purpose of the Assessment;

(2) The Assessment rate to be levied against each Assessed Property;

(3) The unit of measurement used to determine the Assessment;

(4) The total revenue to be collected by Broward County from the Assessment;

(5) A statement that failure to pay the Assessment will cause a tax certificate to be issued against the property or foreclosure proceedings, either of which may result in a loss of title to the property;

(6) A statement that all affected and/or interested parties have a right to appear at the hearing and to file written objections with the Board within twenty (20) days after the date of the notice; and

(7) The date, time, and place of the hearing.

The notice required under this section shall be mailed at least twenty (20) calendar days prior to the regular or special meeting required in Section 16-129(d). This notice shall be deemed mailed upon delivery to the United States Postal Service. Failure of the Assessed Property to receive such notice, because of a mistake or inadvertence, shall not affect the validity of the Assessment Roll or release or discharge any obligation for payment of the Assessment imposed by the Board pursuant to this article.

(f) *Adoption of Assessment Resolution and Non-Ad Valorem Assessment Roll.* At the time named in the notice required under Section 16-129(d), the Board shall receive and consider any objections of interested persons and may then or thereafter adopt, annul, or modify the Assessment Resolution and Non-Ad Valorem Assessment Roll.

( Ord. No. 2022-23 , § 1, 5-11-22; Ord. No. 2022-35 , § 1, 8-25-22)

(Supp. No. 63, Update 1)

Created: 2023-03-01 10:28:33 [EST]

### Sec. 16-130. Revisions to the Assessment Roll.

The Board may revise the Non-Ad Valorem Assessment Roll one or more times during the Fiscal Year to modify the Assessment rate through the adoption of additional Assessment Resolutions, following the procedures described in Section 16-129.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-131. Effect of the Assessment Resolution.

The adoption of an Assessment Resolution shall be the final adjudication of the issues presented (including, but not limited to, the method of apportionment and Assessment, the Assessment rate, the initial rate of Assessment, the Non-Ad Valorem Assessment Roll, and the levy and lien of the Assessments), unless proper steps shall be initiated in a court of competent jurisdiction to secure relief within twenty (20) days after the date of Board action on the Assessment Resolution.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-132. Method of Collection.

The Assessment is to be collected pursuant to an alternative method pursuant to Section 197.3631, Florida Statutes. The County Administrator or designee shall provide the Assessment bills by first-class mail to each Institutional Health Care Provider. The bill or accompanying explanatory material shall include:

- (a) A brief explanation of the Assessment;
- (b) A description of the unit of measurement used to determine the amount of the service;
- (c) The number of units contained within the Assessment;
- (d) The total amount of Assessment imposed against the Assessed Property for the appropriate period;
- (e) The location at which payment will be accepted;
- (f) The date on which the Assessment is due;
- (g) A statement regarding the potential consequences for failure to timely pay the Assessment; and
- (h) A copy of the indemnification, hold harmless, and release of liability document required by Section 16-137, which shall be executed by the Institutional Health Care Providers and returned with the submission of the Assessment.

( Ord. No. 2022-23 , § 1, 5-11-22; Ord. No. 2022-35 , § 2, 8-25-22)

### Sec. 16-133. Refunds.

If, at the end of the Fiscal Year, additional amounts remain in the Local Provider Participation Fund, the Board is hereby authorized to refund the owners of Assessed Properties in proportion to amounts paid pursuant hereto during the Fiscal Year for all or a portion of the unutilized monies in the Local Provider Participation Fund.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-134. Responsibility for Enforcement.

Broward County and its agents, if any, shall maintain the duty to enforce the prompt collection of the Assessment by the means provided herein. The collection of the Assessment may be enforced in a court of competent jurisdiction by mandamus or other appropriate proceedings or actions.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-135. Correction of Errors and Omissions.

No act of error or omission on the part of the Board, County Administrator, or any agent thereof shall operate to release or discharge any obligation for payment of the Assessment imposed by the Board under the provisions of this article.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-136. Limitations on Surcharges.

Assessments imposed and paid under this article may not be passed along to patients of the Institutional Health Care Providers as a surcharge or as any other form of additional patient charge.

( Ord. No. 2022-23 , § 1, 5-11-22)

### Sec. 16-137. Indemnification; Hold Harmless; Release of Liability.

The Institutional Health Care Providers that are the subject of this article have requested enactment of this article and have given assurances to Broward County that the objectives and procedures addressed in this article are proper and lawful. Accordingly, as provided in Section 16-132(h), the Institutional Health Care Providers shall submit with the Assessment, an executed indemnification, hold harmless, and release of liability document approved by the Office of the County Attorney. Broward County may, in its sole discretion, accept a document containing only the release of liability, in a form approved by the Office of the County Attorney, when an Institutional Health Care Provider will not agree to execute an indemnification and hold harmless document as a matter of policy. The indemnification and hold harmless required under this section shall hold Broward County and its officers, employees, and agents harmless from any claim arising from the adoption and implementation of this article, and shall indemnify Broward County and its officers, employees, and agents from any and all claims, suits, damages, disallowances, or other proceedings, including, but not limited to, original proceedings, appeals, or any proceeding before any administrative body or tribunal, and from any and all costs and attorneys' and expert fees associated with the defense of such claims, that may arise in the event that the objectives and procedures of this article are challenged by any person, entity, or government agency. The release of liability required under this section shall forever release Broward County and its officers, employees, and agents from any and all claims, suits, and liabilities relating to the imposition of the Assessment.

( Ord. No. 2022-23 , § 1, 5-11-22; Ord. No. 2022-35 , § 3, 8-25-22)